DECUIR, Judge.
At issue in this appeal is whether a party whose currency has been seized by a judgment of forfeiture under La.R.S. 40:2601 et seq., is entitled to legal interest on that *1379 money when the forfeiture is overturned on appeal. The trial court refused to award legal interest. We affirm.

FACTS

On January 2, 1990, agents with the Louisiana State Police seized $76,914 in U.S. currency from appellant, Huí Suk Perez. The State of Louisiana subsequently filed a forfeiture petition and, after trial, obtained a judgment of forfeiture.
Because of how the currency was packaged and the manner in which the money orders were purchased, the State of Louisiana introduced them into evidence at trial. After judgment, Ms. Perez filed an appeal at which time the State of Louisiana filed a “Motion and Order to Substitute Evidence” with this court on January 22, 1991, requesting permission to deposit these funds in an interest bearing account as provided by La.R.S. 40:2607 B(3). This request was granted. The currency was subsequently deposited in the account as ordered.
The judgment of the trial court was then reversed on appeal on November 6, 1992 in Civil Docket No. 91-282 (published at 607 So.2d 576). After it exhausted all rights to appeal, the State of Louisiana returned to Ms. Perez the principal sum seized and $4,672.22 in earned interest.
■ Ms. Perez then filed a motion requesting the trial court to award Perez legal interest from the date of judicial demand. This was denied by the trial judge for oral reasons on April 19, 1993, and by written judgment on May 13, 1993. Perez then timely filed a devolutive appeal.

LAWS AND DISCUSSION

Whether a claimant who has successfully recovered property seized under the Forfeiture Act is entitled to recover legal interest is a res nova issue. However, the provisions of the Forfeiture Act provide some guidance for our discussion.
When enacted in 1989 the Forfeiture Act contained no explicit reference to legal interest. In 1992, the legislature addressed the related issues of attorney fees and exemption from payment of storage fees, enacting La. R.S. 40:2611(L) to make these fees reeovera-ble. The legislature did not provide for legal interest at that time or at any time thereafter. Accordingly, the Forfeiture Act does not provide for legal interest to be reeovera-ble at this time.
The only reference in the Forfeiture Act to interest is found in La.R.S. 40:2607 B(3). That portion of the statute merely authorizes the district attorney to place seized monies in an interest bearing account. It is undisputed that the district attorney followed this procedure and deposited the funds as soon as their evidentiary purpose was fulfilled.
Furthermore, La.R.S. 40:2620 provides that:
No person claiming an interest in property subject to forfeiture may commence or maintain any action against the state concerning the validity of the alleged interest other than as provided in this Chapter.
This provision clearly refutes claimant’s assertion of a tort claim for wrongful seizure. Such a tort claim is barred by the letter of the Forfeiture Act. Therefore, claimant’s reliance on La.R.S. 13:4203 which provides for legal interest in actions “ex delicto” is misplaced.
Finally, La.R.S. 40:2621 provides that the Forfeiture Act is to be liberally construed to effectuate its remedial purposes. Likewise, the Louisiana Supreme Court has held that remedial statutes are liberally construed to suppress evil and to advance the remedy. State v. Boniface, 369 So.2d 115 (La.1979).
The trial court found that Ms. Perez was not entitled to recover legal interest. Ms. Perez has already recovered the interest earned on her monies. Awarding legal interest would be inconsistent with the remedial purposes of the Forfeiture Act and would be a hindrance to the utilization of the act. The legislature has not seen fit to authorize such an award, and we decline to read such authorization into the Forfeiture Act.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant.
Affirmed.