994 So.2d 675 (2008)
STATE of Louisiana
v.
Joelle WATKINS and $5,357.00 U.S. Currency[1] and 2 Hand Rolled Cigars, Weighing 1.8 Grams of Suspected Marijuana, 6.6 Grams of Suspected Marijuana and 4 Tablets of Klonapin.
No. 2008 CA 0688.
Court of Appeal of Louisiana, First Circuit.
September 23, 2008.
*676 Ellen Daigle Doskey, Assistant District Attorney, Houma, LA, for Plaintiff/Appellant, State of Louisiana.
Douglas H. Greenburg, Houma, LA, for Defendant/Appellee, Joelle Watkins.
Before KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
The State of Louisiana appeals a judgment rendered against it in the forfeiture action it filed against the defendant, Joelle Watkins, pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601, et seq. (Forfeiture Act), seeking the forfeiture of defendant's property, namely, $5,377.00 that was seized from the person of the defendant, Joelle Watkins, incidental to an arrest. The judgment of the trial court denied the forfeiture and dismissed the seizure of the defendant's monies. The trial court found that the State had failed to carry its evidentiary burden of proof pursuant to La. R.S. 40:2611, and ordered the State immediately to return to the defendant the $5,377.00 that had been seized, "together with judicial interest from the date of September 8, 2006, until paid," $750.00 in attorney fees, and all court costs. (Emphasis added.)
The primary issue raised by the State in its appeal is whether the trial court erred in awarding the defendant the payment of judicial interest from the date of September 8, 2006, until paid. According to the State's argument, the trial court erred in so doing because the statute only requires payment of "interest earned" on the monies seized during the forfeiture. Additionally, the State assigns error to the trial court's award of $750.00 in attorney fees in favor of the defendant.
*677 The defendant has answered the appeal, seeking an additional award of attorney fees and expenses incurred in the defense of this appeal, and also that the State be assessed all costs of the appeal.

AWARD OF JUDICIAL INTEREST
Under the Forfeiture Act, La. R.S. 40:2601, et seq., property used or intended to be used in any manner to facilitate conduct in violation of La. R.S. 40:961 (the Louisiana Uniform Controlled Dangerous Substances Law) is subject to forfeiture upon the commission of an act or omission punishable by confinement for more than one year under La. R.S. 40:961 et seq. See La. R.S. 40:2603(1) and 2604(2)(b).
The initial burden is on the State to show probable cause for the forfeiture, and the evidence presented must be sufficient to form a reasonable ground for the belief that the property was connected with illegal drug transactions. State v. Cash Totalling $15,156.00, 623 So.2d 114 (La.App. 1st Cir.1993), writ denied, 629 So.2d 401 (La.1993). In this case, the trial court found that the State failed to meet its burden, and that finding has not been appealed.
The only portion of the trial court's judgment appealed is that which ordered the State to return the defendant's cash, together with judicial interest, and to pay attorney fees in the amount of $750.00. The State argues that the act does not provide for an award of judicial interest; rather the act limits recovery to the return of the cash together with any interest earned.
The Forfeiture Act contains no explicit reference to legal (judicial) interest. The only reference in the act to interest is found in La. R.S. 40:2607B(3), which authorizes the district attorney or his designee, if the seized property is a negotiable instrument or money that is not needed for evidentiary purposes, to deposit said money or instrument in an interest bearing account. Additionally, in 1992, the act was amended by enacting La. R.S. 40:2611(L) to provide with respect to attorney fees and other costs in the recovery of seized property by successful defendants in civil forfeiture proceedings. Subsection (L) of 40:2611 provides that a claimant whose property has been seized for forfeiture and who has been successful in obtaining the return of his property may be awarded reasonable attorney fees, as well as be exempt from storage fees or other related costs. Subsection (L), as further amended in 1997, also expressly provides that the property be returned to the claimant in substantially the same condition as when it was seized, "together with any interest earned on monies ... deposited, held or invested" pursuant to the authority given in aforementioned section 2607B(3).
The issue of whether an award of legal interest may be awarded on monies seized when the forfeiture is overturned on appeal was before the third circuit court of appeal in State v. $77,014.00 (Hui Suk Perez), 93-930 (La.App. 3rd Cir.3/2/94), 634 So.2d 1378. In that case, unlike the case presently before us, the monies seized had been deposited in an interest bearing account, pursuant to the authority provided in La. R.S. 40:2607B(3), when an appeal was taken by the defendant. The judgment allowing the forfeiture was reversed on appeal, following which the court ordered the State to return to the defendant the principal amount seized, together with $4,672.22 in earned interest. The defendant then filed a motion to be awarded legal interest from the date of judicial demand, which was denied by the trial court and appealed by the defendant. The third circuit, noting the issue to be res nova, noted that the Forfeiture Act is, and has always been silent regarding legal interest. The court further noted that the act is to be liberally construed to effectuate its remedial purposes, as provided in *678 La. R.S. 40:2621. The court concluded that in the absence of a provision in the act authorizing an award of legal interest, awarding legal interest would be inconsistent with the remedial purposes of the act. Stating, "[t]he legislature has not seen fit to authorize such an award," the third circuit declined to read such authorization into the act, and held that legal interest is not recoverable under the act. 634 So.2d at 1379. See also, State v. Gauthier, 02-1227 (La.App. 3rd Cir.4/17/03), 854 So.2d 910, where under slightly different facts, the third circuit again refused to construe the act as authorizing an award beyond the language of the act itself. In Gauthier, the trial court did not award legal interest on the monies held to be improperly seized, but instead awarded the defendant $150.00 in damages for the "loss of use of $353.00." The third circuit reversed that award, finding such an award was not provided by the act, and therefore was beyond the scope of the statute.
While we are not bound by the decisions of the third circuit, they are the only cases in our jurisprudence addressing the issue of awards that can be granted within the confines of the Forfeiture Act. Thus, they do provide guidance. Moreover, we are in agreement with the analysis employed by that circuit in interpreting the statute and in the conclusion reached, that legal interest is not awardable on monies improperly seized under the act, that remedy being specifically limited to interest earned if the monies were deposited in interest bearing accounts.
Accordingly, we find the trial court in this matter erred in awarding Joelle Watkins judicial interest in addition to the return of the monies seized.

ATTORNEY FEES
The State, while acknowledging that the Act vests the trial court with the authority to award reasonable attorney fees within its discretion, argues that the trial court abused its discretion in awarding attorney fees in this case because the State pursued the forfeiture action in good faith. The Act sets forth what may be awarded to a claimant who is successful in obtaining the return of his seized property in a civil proceeding in La. R.S. 40:2611(L), including "reasonable attorney fees."
The trial court in this matter, as reflected in the thirteen pages of its transcribed reasons for judgment, very carefully reviewed the statutory provisions and the evidence presented in this matter before denying the forfeiture, concluding: "I find ... the State has failed to carry its burden of proof in this case, that is, more probable than not that this property [the defendant's monies] was the result of the criminal activity for which Mr. Watkins was convicted or criminal activity for which he could have been prosecuted or convicted."
The State cites the discretionary provision of the act, but has offered no jurisprudential support or legal authority for its assertion that a good faith prosecution by the State precludes an award of attorney fees to a successful claimant. We have reviewed the trial court's reasons and find that the award of $750.00 in attorney fees to Mr. Watkins was well within its discretion. Therefore, we find no merit in this argument, and affirm the award of attorney fees.

ANSWER TO APPEAL
The defendant answered the appeal seeking an additional award of attorney fees and expenses incurred in defending this appeal. Given that we have found merit in the State's primary assignment of error and vacate a portion of the trial court's judgment, we do not consider this to be an appeal that warrants the relief requested by the appellee. Therefore, it is denied.

*679 CONCLUSION AND DECREE
For all the foregoing reasons, that portion of the judgment that awards judicial interest is hereby reversed, and the judgment is otherwise, affirmed.
REVERSED IN PART; AFFIRMED IN PART.
KUHN, J., Dissents.
NOTES
[1] The petition was subsequently supplemented and amended to reflect the correct amount, or $5,377.00.