38 So.3d 1000 (2010)
Richard L. WOODS
v.
DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE STATE POLICE.
No. 2009 CA 1592.
Court of Appeal of Louisiana, First Circuit.
April 30, 2010.
Rehearing Denied June 21, 2010.
*1001 Paul A. Lemke, III, Harrisonburg, Louisiana, for Plaintiff/Appellant, Richard L. Woods.
James D. "Buddy" Caldwell, Attorney General, F. Jonathan Rice, Assistant Attorney General, Baton Rouge, Louisiana, for Defendant/Appellee, State of Louisiana through the Department of Public Safety and Corrections, Office of State Police.
Before PARRO, KUHN, and McDONALD, JJ.
McDONALD, J.
The plaintiff in this matter appeals a district court judgment sustaining the defendant's exception raising the objection of res judicata and dismissing his suit without prejudice.

FACTS AND PROCEDURAL BACKGROUND
This litigation arises out of the seizure of currency, allegedly derived from illegal *1002 drug transactions, by the state police in Ouachita Parish on March 3, 2004. In June 2004, the district attorney for the Fourth Judicial District Court filed a petition in that court pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601, et seq., for an in rem forfeiture of $107,156 of U.S. currency. Richard Woods, the plaintiff in the matter before us, was served with notice of the suit, intervened, and claimed ownership of the money.
Following a trial on the merits, the district court concluded that the state trooper had probable cause to stop and detain Woods and that the state had produced sufficient evidence to show that the currency was properly forfeited. On appeal, the Second Circuit Court of Appeal reversed the trial court, finding that the state had failed to carry its burden of proof that the currency was subject to forfeiture, and ordered the funds returned to the claimant, Richard Woods. See State v. $107,156 U.S. Currency Seized, 41,090 (La.App. 2 Cir. 6/30/06), 935 So.2d 827, writ denied, 06-2271 (La.11/22/06), 942 So.2d 557.
In December 2006, $116,292.16 was returned to Woods, representing the money seized, plus the interest earned on the deposit, as calculated by AmSouth Bank. On February 2, 2007, Woods filed a civil suit in the Nineteenth Judicial District court against the Louisiana State Police, seeking legal interest on the money seized from the date of seizure to the date of return[1], plus costs and attorney fees incurred by him in the forfeiture action instituted by the state.
Peremptory exceptions raising the objections of res judicata and no cause of action were filed by the defendant in October 2008. At the hearing on the matter, the attorneys for both the plaintiff and the defendant represented to the court that the issues had been adequately addressed in their briefs. Thereafter, the court reviewed the facts in the matter, noting that the forfeiture statute, La. R.S. 40:2611(L), does not provide for legal interest, and the attorney fees are discretionary. Finding that the claims arose out of the seizure and forfeiture action adjudicated in the Fourth Judicial District Court, the court granted the defendant's exception raising the objection of res judicata. The plaintiff appealed, alleging that the district court erred in granting the exception of res judicata.

LAW AND ANALYSIS
Woods argues that res judicata is not applicable, because the parties are not the same. See La. R.S. 13:4231. The district attorney was a party in the original in rem action, as required by La. R.S. 40:2612(A), whereas, the Louisiana State Police is the proper party defendant in this suit, as it was the "seizing agency" of the property. The previous action, moreover, was an in rem proceeding, in which Woods was neither a party plaintiff nor a party defendant.
Woods correctly states that the law that gives rise to this action is found in La. R.S. 40:2611(L), which provides, in pertinent part:
If a claimant whose property has been seized for forfeiture is successful in obtaining the return of the property in a civil proceeding, the court may award the claimant reasonable attorney fees, to be paid by the seizing agency, and the claimant shall also be exempt from any storage fees, or other costs incurred in *1003 the seizure, preservation, storage, or return of such seized property.
He argues that it is clear from a plain reading of the statute that a claimant has no right of action related to recovery of costs and fees until such time as a final judgment is rendered in the forfeiture action, wherein that claimant is successful in obtaining the return of the property in a civil proceeding.
It is correct that a judgment awarding a claimant attorney fees cannot be rendered until the claimant is successful in obtaining return of the seized property. However, our agreement with that statement does not necessarily lead to the conclusion that the dismissal of Woods' petition was incorrect.
It is not that a claimant has no right of action to maintain a suit until the matter is finally adjudicated. Claimant is in the class of persons that the law was enacted to protect. See La.C.C.P. art. 681. It is rather that the claim created is one for an award of attorney fees in the forfeiture action. As noted by the trial court, this is a discretionary act by the court hearing the forfeiture action. Only that court may exercise its discretion to award attorney fees, and we conclude that there is no right to judicially assert a separate action.
However, the burden of proving the facts essential to sustaining an objection is on the party pleading the objection. Union Planters Bank v. Commercial Capital Holding Corporation, 04-0871 (La. App. 1 Cir. 3/24/05), 907 So.2d 129, 130. When a party raises an objection of res judicata, the court must examine not only the pleadings, but also the entire record in the first suit, to determine whether the second suit is, in fact, barred by res judicata. Id. There is no provision in the law for this court to take judicial notice of a suit record from another court. See Louisiana Business College v. Crump, 474 So.2d 1366, 1369 (La.App. 2 Cir.1985). The record before us does not contain the record of the first suit. Therefore, we cannot agree with the trial court's sustaining of the exception raising the objection of res judicata and do not consider Woods' arguments on the issue.
However, the defendant also urged the exception raising the objection of no cause of action, and it is permissible for this court to consider that exception on its own motion. See La. C.C.P. art. 927(B).
As noted previously, a claim for attorney fees by a person who has been successful in obtaining the return of his/ her property may be considered, and attorney fees may be awarded, at the discretion of the court hearing the forfeiture action. The Forfeiture Act does not create a separate cause of action, i.e., a matter that may be determined in a judicial proceeding. See Bourgeois v. A.P. Green Industries, Inc., 00-1528 (La.4/3/01), 783 So.2d 1251, 1259. The operative facts, as stated in Woods' petition, establish that the forfeiture action has been adjudicated in the Fourth Judicial District Court and in the Second Circuit Court of Appeal, and that the supreme court denied writs.
Further, the Forfeiture Act bars collateral actions and provides that "[n]o person claiming an interest in property subject to forfeiture may commence or maintain any action against the state concerning the validity of the alleged interest other than as provided in this Chapter." La. R.S. 40:2620. Although this section specifically refers to the validity of the alleged interest in the property seized, the right of a successful claimant defending a forfeiture action to be awarded attorney fees is also an interest established and controlled by the Forfeiture Act. We conclude that the legislature intended that all actions brought pursuant to the Forfeiture Act, concerning the seizure and forfeiture of property, *1004 must be brought in the judicial forfeiture proceeding described in La. R.S. 40:2611, and 2612.
Accordingly, although we cannot affirm the trial court's sustaining of the exception raising the objection of res judicata, we do affirm the judgment dismissing the suit without prejudice. Costs of this appeal are assessed to Richard L. Woods.
AFFIRMED.
PARRO, J., concurs and assigns reasons.
PARRO, J., concurring.
I concur with the result reached by the majority in this case, and write merely to point out additional authority for this court's decision. Louisiana Code of Civil Procedure article 425(A) states that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." In this case, Woods was required to assert his claim for attorney fees, along with his claim for return of the seized funds, when he intervened in the forfeiture action in the Fourth Judicial District Court. See also LSA-R.S. 40:2611(K) and 2612(C) and (D). Although that court ruled against him on the issue of the State's entitlement to forfeiture, his claim for attorney fees could have been assigned as error on appeal to the Second Circuit Court of Appeal. The judgment in the forfeiture action became final when the supreme court denied writs. Because Woods failed to advance his claim for attorney fees in the forfeiture action, he cannot now assert that claim in a separate suit.
NOTES
[1] In his appellate brief, Woods concedes that he is only entitled to interest earned on his funds on deposit. See State v. Watkins, 08-0688 (La.App. 1 Cir. 9/23/08), 994 So.2d 675.