PETTIGREW, J.
lain the instant appeal, claimant challenges the trial court’s November 26, 2012 judgment denying his request for attorney fees in connection with a judicial forfeiture proceeding. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
This litigation arises out of the seizure of currency by the Washington Parish Sheriffs Office on January 12, 2011. On March 17, 2011, the State of Louisiana, through the district attorney for the 22nd Judicial District Court, filed a petition in that court pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601, et seq., for an in rem forfeiture of $20,919.00 of U.S. currency that had been seized during the execution of a search warrant on the Hometown Food Market in Varnado, Louisiana. Nicholas T. Miller filed an answer to the petition on May 6, 2011, claiming ownership of the $20,919.00 and alleging that no illegal activity occurred that would give rise to the forfeiture of the seized funds. Thereafter, on June 12, 2012, Mr. Miller filed a motion for summary judgment, alleging that he was entitled to judgment as a matter of law because the evidence showed a “complete and total absence of factual support for the elements of the State’s claim that [he] engaged in conduct giving rise to forfeiture, and that the property is subject to forfeiture.”
The matter was set for hearing on June 28, 2012. At the hearing, before any argument was had on the motion for summary judgment, counsel for the State stipulated that it was willing to release the $20,919.00 that it had seized from Mr. Miller and pay court costs. However, counsel for the State was not willing to concede on the issue of attorney fees, but rather requested that the trial court set a hearing to determine whether the State should be required to pay same. The parties then agreed to argue the issue of attorney fees. After considering the evidence in the record and hearing the arguments from respective counsel, the trial court found that there were genuine issues of material fact concerning the award of attorney fees that precluded summary judgment. In a judgment rendered on July 24, 2012, the trial court denied Mr. Miller’s motion for sum *44 mary judgment on the issue of attorney fees.
[.^Subsequently, on August 8, 2012, Mr. Miller filed a “Motion To Reconsider Court’s Ruling On Motion For Summary Judgment On Attorney’s Fee Issue,” along with a memorandum in support of same. Randy Seal, Sheriff of Washington Parish, filed an opposition to Mr. Miller’s motion for reconsideration, noting that he was an interested party directly affected by the relief sought by Mr. Miller. Arguing that Sheriff Seal was not a party to the suit and had never intervened into the suit, Mr. Miller filed a motion to strike Sheriff Seal’s opposition and the exhibits attached thereto. The motion for reconsideration and motion to strike proceeded to hearing before the trial court on October 15, 2012.
According to the transcript of the October 15, 2012 hearing, the trial court allowed Sheriff Seal to intervene over the objection of counsel for Mr. Miller. The parties then proceeded to argue the issue of attorney fees, after which the trial court rendered judgment from the bench in favor of the State. The trial court signed a judgment on November 26, 2012, denying Mr. Miller an award of attorney fees. It is from this judgment that Mr. Miller has appealed, assigning the following specifications of error:
1.The trial court erred in denying a successful claimant [attorney] fees instead of using the guidelines laid down by the Louisiana Supreme Court for district courts to determine the appropriate [attorney] fees in cases in which a court has discretion to award [attorney] fees.
2. The trial court erred in holding that La. R.S. 40:2615(D) was applicable to the issue of [attorney] fees.
3. Even assuming that La. R.S. 40:2615(D) is applicable to this case, the trial court erred in holding that there was reasonable cause for the seizure of the property and in applying this statute without determining that there was reasonable cause for forfeiture.
4. The trial court erred in allowing a third party to intervene in this case when the merits of the case had already been decided.
DENIAL OF ATTORNEY FEES
(Assignments of Error Nos. 1, 2, and 3)
In his first three assignments of error, Mr. Miller argues the trial court erred in denying his request for attorney fees in this forfeiture action. Mr. Miller asserts that the trial court should have used the guidelines set forth by the Louisiana Supreme Court in State, Dept, of Transp. and Development v. Williamson, 597 So.2d 439 (La.1992), |4in exercising its discretion to award attorney fees in this case.[1] Mr. Miller further contends that the trial court erroneously relied upon La. R.S. 40:2615(D) in denying his request for attorney fees. Noting that this provision only addresses costs and damages, Mr. Miller maintains it cannot be used as a basis for denying his claim for attorney fees. Moreover, Mr. Miller argues that even assuming that La. R.S. 40:2615(D) is *45 applicable to his case, he still prevails because the money in this case was seized without reasonable cause.[2] In response, the State asserts that a finding of reasonable cause was not necessary to the denial of attorney fees pursuant to La. R.S. 40:2611(L), as that statute grants sole discretion to the trial court as to whether to award attorney fees.[3] Nonetheless, the State maintains that the evidence clearly supported the discretion exercised herein by the trial court in denying attorney fees.
At the outset, we note that this matter was scheduled for hearing on a motion to reconsider the court’s prior ruling on the motion for summary judgment on the issue of attorney fees. Although the October 15, 2012 minute entry indicates “THE COURT DENIED THE MOTION TO RECONSIDER COURTS RULING ON MOTION FOR SUMMARY 1 JUDGMENT,” there is nothing in the transcript or in the written judgment that reflects such a ruling by the court. Rather, in the trial court’s November 26, 2012 judgment, which forms the basis for this appeal, the following language is found:
This case came before the Court for hearing on Monday, October 15, 2012, for a Motion to Reconsider Court’s Ruling on the Motion for Summary Judgment on [Attorney Fees], filed by claimant in this matter, Nicholas Miller, on or about August 22, 2012[.]
[[Image here]]
At this time, both the State and the claimant, Nicholas Miller, requested that this Honorable Court determine the issue of attorney fees without having to set this matter for trial.
Our review of the October 15, 2012 transcript reveals no such request by the parties to “determine the issue of attorney fees without having to set this matter for trial.” Nonetheless, neither party has raised this discrepancy as an issue on appeal. It is well settled that when there is a conflict between a minute entry and a written judgment, the latter governs; the trial court may, within its authority, render judgment that differs substantially from its prior oral statements, for such oral reasoning forms no part of the judgment, as it is the formal, signed judgment that governs the controversy. Norbhshore Capital Enterprises v. St. Tammany Hosp. Dist. No. 2, 2001-1606, p. 4 n. 3 (La.App. 1 Cir. 6/21/02), 822 So.2d 109, 112 n. 3, writ denied, 2002-2023 (La.11/1/02), 828 So.2d 584. Thus, the final November 26/2012 judgment is appropriate for appellate review.

Trial Court’s Ruling on the Attorney Fees Issue

After hearing argument on the issue of attorney fees, the trial court made the following observations from the bench:
*46 I think that the evidence presented to Judge Knight, or to any of us, in an affidavit such as [the one in this case], would probably warrant us signing such warrants.
And upon their arrival there, [the State] found items that were alleged to have been there.
[[Image here]]
So I think there was probable cause. I think there was reasonable cause. I think [the] State acted within [its] power and I think [the] State returned the money to [Mr. Miller] prior to any hearing that was held.
| (¡Therefore, in an exercise of my discretion, I’m not going to award attorney’s fees.
The written judgment signed by the trial court on November 26, 2012, provided, in part:
After considering the law, arguments and exhibits filed by the claimant and the State of Louisiana in this matter, the Court finds that the law and evidence are in favor of the State of Louisiana and hereby denies claimant, Nicholas Miller, attorney fees. The Court denies attorney fees based on a finding that pursuant to [La.] R.S. 40:2615(D) there was reasonable cause for the seizure. Furthermore, pursuant to the language in [La.] R.S. 40:2615(L) the award of attorney fees is strictly discretionary with the Court and the Court hereby denies attorney fees pursuant to [La.] R.S. 40:2615(L).[4]

Exercise of Trial Court’s Discretion Pursuant to La. R.S. 40:2611(L)

On appeal, Mr. Miller argues that pursuant to La. R.S. 40:2611(L), the only thing necessary for a claimant in a seizure and forfeiture proceeding to invoke the trial court’s discretion to award attorney fees is for the claimant to be successful in obtaining the return of his property. Interestingly, Mr. Miller cites no jurisprudence in support of his position. Rather, he simply contends that as he was successful in obtaining the return of his property, he is entitled to an award of attorney fees to be determined by the trial court based on the factors set forth in Williamson, supra.
In response, the State asserts there is some dispute as to whether Mr. Miller was “successful” in obtaining return of his property as the State stipulated to the return of the property prior to any hearing or judicial determination regarding same. Nonetheless, the State maintains “this issue is not dispositive, because the award of [attorney] fees is solely within the discretion of the trial court under the clear and unequivocal wording of [La. R.S. 40:2611(L) ].” The State further argues that in order to be successful in this appeal, Mr. Miller is required to prove an abuse of discretion by the trial court in its ruling. We agree with the State.
|7As previously noted, La. R.S. 40:2611(L) provides that if a claimant whose property has been seized for forfeiture is successful in obtaining the return of the property in a civil proceeding, the court may award the claimant reasonable attorney fees, to be paid by the seizing agency. See Woods v. Department of Public Safety, Office of the State Police, 2009-1592, p. 5 (La.App. 1 Cir. 4/30/10), 38 So.3d 1000, 1003 (a claim for attorney fees by a *47 person who has been successful in obtaining the return of his/her property may be considered, and attorney fees may be awarded, at the discretion of the court hearing the forfeiture action). The statute uses the word “may” as opposed to “shall.” Pursuant to the rules of statutory construction, “[t]he word ‘shall’ is mandatory and the word ‘may’ is permissive.” La. R.S. 1:8. Thus, under the clear language of La. R.S. 40:2611(L), the trial court’s decision to award attorney fees is purely discretionary. Moreover, although no finding of reasonable cause was required in order to deny Mr. Miller’s request for attorney fees, the record certainly supports the trial court’s conclusion that there was reasonable cause for the seizure. We have thoroughly reviewed the record before us and find that the trial court acted within its discretion in denying Mr. Miller’s request for attorney fees herein. Mr. Miller has shown no abuse of discretion by the trial court in its ruling.

Applicability of La. R.S. 40:2615(D)

Mr. Miller asserts that the trial court’s reliance on La. R.S. 40:2615(D) was an error of law because the statute has nothing to do with attorney fees and because the district attorney did not bring a motion before the court to show that Mr. Miller was not entitled to costs or damages. We find no merit to this argument.
At the initial motion for summary judgment hearing on June 28, 2012, the applicability of La. R.S. 40:2615(D) was addressed during arguments before the trial court in the context of what evidence should be allowed into the record for the trial court’s consideration on the issue of attorney fees. When pressed about the evidence being introduced, counsel for the State stated as follows:
Your Honor, based on 40:2615, that’s Subsection D, upon the motion by the district attorney, which is here today about attorney’s fees, if it appears at a hearing that there was reasonable cause. So the State is |strying to establish reasonable cause at this hearing to show that he is not entitled to costs or damages in this suit and that the Washington Parish Sheriffs Department nor the State of Louisiana can be held liable. That’s the grounds for the State arguing and submitting this evidence.
Thus, it is clear that a motion was made in open court for a determination of whether there was reasonable cause for the seizure such that the seizing agency could not be held “liable to suit or judgment on account of the seizure, suit or prosecution” under La. R.S. 40:2615(D). Accordingly, although a finding of reasonable cause may not have been necessary to the trial court’s exercise of its discretion in denying attorney fees in this case, there was no error by the trial court in considering same. Moreover, the overwhelming evidence in the record clearly supports the trial court’s finding that the seizure was based on reasonable cause.
SHERIFF SEAL’S INTERVENTION
(Assignment of Error No. 4)
Arguing that the trial court erred in allowing Sheriff Seal to intervene in this matter after the merits of the case had been decided, Mr. Miller maintains that this court should “correct this error.” In response, the State argues that although it had stipulated to the return of the seized property to Mr. Miller, the issue of attorney fees remained pending before the trial court at the time of the intervention, and accordingly, the intervention was proper and timely.
At the start of the October 15, 2012 hearing, the following colloquy occurred regarding Sheriff Seal’s participation in the proceedings:
*48 [COUNSEL FOR SHERIFF SEAL]:
If I may file a motion prior to argument, Your Honor. I have a Motion to Intervene on behalf of Sheriff Seal, which I’d like to file for The Court to take- into consideration in connection with [the Motion to Strike].
THE COURT:
All right.
[COUNSEL FOR MR. MILLER]:
Your Honor, I—
THE COURT:
I’ll let you intervene, for what that’s worth. Go ahead.
[COUNSEL FOR MR. MILLER]:
Your Honor, I haven’t even seen a Motion to Intervene.
LTHE COURT:
Right. I understand.
[COUNSEL FOR MR. MILLER]:
And I think the position I’ve outlined in my Motion to Strike is accurate.
This is a lawsuit for The State of Louisiana and the property that was seized from Nick Miller.
And there were no other parties. And I don’t think it’s proper for a non-party to submit a memorandum in opposition and I think it’s—
THE COURT:
It’s kind of an amicus.
[COUNSEL FOR SHERIFF SEAL]:
Well, it is in a sense, Your Honor. But, also, since it, potentially, is the Sheriff whose corpus is at stake here— THE COURT:
Right.
[COUNSEL FOR SHERIFF SEAL]:
—financially, if nothing else, on the premises of due process, he ought to have the opportunity to be heard if there’s going to, potentially, be a judgment rendered against him, as [counsel for Mr. Miller] seeks.
THE COURT:
All right. I’ll let you intervene. As I said, it’s kind of extraneous to what we’re dealing with here.
We find that Sheriff Seal clearly had an interest in this proceeding as La. R.S. 40:2611(L) provides that if attorney fees are awarded, payment is made by the seizing agency, which in this case was the Washington Parish Sheriffs Office. See La.Code Civ. P. art. 1091. Accordingly, we find no merit to Mr. Miller’s argument to the contrary. However, we note that although the trial court stated in open court that the intervention was being allowed and the minutes[5] from the October 15, 2012 hearing, confirm same, there is nothing in the record to indicate that Sheriff Seal ever actually filed a petition for intervention in this matter. Nonetheless, as we have found no error in the trial court’s ruling denying an award of attorney fees in favor of Mr. Miller and affirm the judgment below, we find this to be a moot issue.
| ^CONCLUSION
For the above and foregoing reasons, we affirm the trial court’s November 26, 2012 judgment. All costs associated with this appeal are assessed against claimant-appellant, Nicholas T. Miller.
AFFIRMED.
McCLENDON, J. concurs w/in result reached by the majority.

. In 'Williamson, the Louisiana Supreme Court merely set forth factors to be taken into consideration in determining the reasonableness of attorney fees. The court noted as follows:
Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court’s own knowledge.
'Williamson, 597 So.2d at 442.

. Louisiana Revised Statutes 40:2615(D) provides as follows:
Upon motion by the district attorney, if it appears after a hearing that there was reasonable cause for the seizure for forfeiture or for the filing of the Notice of Pending Forfeiture or petition, the court shall cause a finding to be entered that reasonable cause existed, and the claimant is not entitled to costs or damages, and the person or seizing agency who made the seizure, and the district attorney, are not liable to suit or judgment on account of the seizure, suit or prosecution.

. Louisiana Revised Statutes 40:2611(L) provides, in pertinent part, as follows:
If a claimant whose property has been seized for forfeiture is successful in obtaining the return of the property in a civil proceeding, the court may award the claimant reasonable attorney fees, to be paid by the seizing agency, and the claimant shall also be exempt from any storage fees, or other costs incurred in the seizure, preservation, storage, or return of such seized property. [Emphasis added.]

. It is clear from our review of the record and as argued by the State in brief to this court, that the trial court's references to La. R.S. 40:2615(L) are merely typographical errors. The only applicable statute that addresses the trial court's discretion with respect to an award of attorney fees is La. R.S. 40:2611(L). Moreover, there is no subsection (L) in La. R.S. 40:2615 as is referenced in the trial court’s judgment.

. The October 15, 2012 hearing minutes indicate as follows with regard to the intervention: ‘‘[COUNSEL FOR SHERIFF SEAL] INTERVENED IN OPEN COURT, THE COURT GRANTED THE INTERVENTION.”