ROBERT M. MURPHY, Judge.
|aSt. John the Baptist Sheriff Mike Tregre (the “Sheriff’), appeals the trial court’s award of attorney’s fees to Crystal McDowell, the owner of a 2004 Jeep Cherokee, seized by the Sheriff after Ms. McDowell’s son allegedly used her vehicle in illegal drug activity. The Sheriff argues that the trial court erred in making an award to Ms. McDowell for attorney’s fees and costs under the La. Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (the “Forfeiture Act”), La. R.S. 40:2601 et seq., as the District Attorney released the vehicle to Ms. McDowell before he initiated forfeiture proceedings. The Sheriff claims in the alternative that the $6,000.00 award of attorney’s fees was excessive. The Sheriff further argues that the trial court erred in awarding towing fees and car repair costs.
Ms. McDowell answered the appeal seeking additional attorney’s fees at the trial court level, and legal interest thereon, and attorney’s fees for this appeal.
|sOn finding that appellee, Ms. McDowell, has failed to state a cause of action under the Forfeiture Act, for the reasons *306 that follow, we reverse the trial court’s award to Ms. McDowell in its entirety, dismiss her claims with prejudice, and deny the relief she seeks in her answer.
FACTS AND PROCEDURAL HISTORY
At 4:30 a.m. on July 4, 2013, Ms. McDowell completed her shift as a security guard at Allied Barton Security at the Valero site in Norco, Louisiana. At 4:45 a.m. she arrived at the LaPlace, Louisiana residence she shared with her husband. She drove herself to and from work in her 2004 Jeep Cherokee. Ms. McDowell had three grown sons who did not live with her. On the morning in question, Ms. McDowell did not know that one of her sons, Corey Gayle, age 33, was spending the night at her residence. Later that morning, she learned that Gayle was driving her vehicle when he and his passenger, DeChris Strong, were arrested down the street for various drug offenses: possession of marijuana, La. R.S. 40:966(E), possession with intent to distribute marijuana, La. R.S. 40:966(0, and operation of a vehicle with a suspended license, La. R.S. 32:415. Twenty-six packages of marijuana were found in the center console of Ms. McDowell’s vehicle. She contended that she did not give Gayle permission to use her vehicle and that she did not know Strong.
On July 4, 2013, the Sheriff took possession of the vehicle and had it towed to the Sheriffs Office. On July 10, 2013, Sheriffs narcotics agent Detective Heather Cruse sought and obtained a warrant of seizure for forfeiture of the vehicle in connection with the criminal prosecution of Gayle. She gave Ms. McDowell a “written assertion” that the vehicle was seized for forfeiture, told her to file a verified claim for the return of her vehicle, and recommended that she hire a lawyer. Ms. McDowell retained Richard M. Millet, Esq., as her counsel at $250.00 |4per hour at a minimum of 12 hours or $3,000.00. On July 23, 2013, Mr. Millet prepared and mailed by certified mail, Ms. McDowell’s verified claim, executed on July 24, 2014, to Cruse in the Sheriffs Office and to the District Attorney, for the return of her vehicle under La. R.S. 40:2610. Assistant District Attorney William D. O’Regan, III testified that on August 2, 2013, he sent a letter to Ms. McDowell’s counsel stating that he would riot file a petition for forfeiture. He directed Mr. Millet to contact Major Walter Chappel, head of the Sheriffs narcotics division, to retrieve the McDowell vehicle. Mr. O’Regan further testified that on that same date, he faxed Chappel to release the vehicle and to have Ms. McDowell execute an “acknowledgement of return of seized property.”[1] Cruse testified that she received the letter on August 2, 2013 and contacted Ms. McDowell to make arrangements for the return of the vehicle. Cruse required Ms. McDowell to pay the towing fee and bring the receipt to retrieve the vehicle. On August 2, 2013, Ms. McDowell executed the acknowledgement and retrieved her vehicle.
Mr. Millet testified that he received Mr. O’Regan’s letter on August 6, 2013. The envelope and letter bear an office date stamp of August 6, 2013. Ms. McDowell did not speak with her attorney from the time she executed her verified claim until the day he called her 4 days after she *307 retrieved the vehicle. On August 9, 2013, Ms. McDowell filed a “Motion for Attorney Fees Brought Pursuant to the Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989”[2] with a rule to show cause. In addition to attorney’s fees, Ms. McDowell | flalso sought reimbursement of towing fees and battery replacement costs. The motion was set for hearing on October 31, 2013.
On October 24, 2013, Mr. Millet contends that he learned for the first time that his client had executed the August 2, 2013 acknowledgement, above. On October 28, 2013 in advance of the motion hearing, Mr. Millet filed a motion in li-mine seeking to have the acknowledgement declared inadmissible or unenforceable for purposes of preventing Ms. McDowell from collecting an award of fees and costs under the Forfeiture Act. That motion in limine was heard on October 31, 2013, November 20, 2013, and December 19, 2013, the date the trial court denied Ms. McDowell’s motion in limine.
Concerning attorney’s fees under the Forfeiture Act, Ms. McDowell’s counsel introduced into evidence a summary of his legal fees totaling $10,650.00. On January 21, 2014, after taking the matter under advisement, the trial court granted Ms. McDowell’s motion and awarded attorney’s fees in the reduced sum of $6,000.00, reimbursement of $171.36 in towing fees, and $130.93 in battery replacement costs, and assigned written reasons.
The trial court rejected the Sheriffs argument that the Forfeiture Act’s attorney’s fee provision was not triggered here where the District Attorney had not initiated formal judicial proceedings. Instead, the trial court found the Forfeiture Act applicable in granting Ms. McDowell recovery based on Ms. McDowell’s arguments that a warrant for seizure had been signed by the court; a notice of pending forfeiture was served on Ms. McDowell and her son Gayle, the driver; that she had been deprived of use of her vehicle for a month; and that she did not know whether proceedings would have been initiated, had she not made a formal claim. |fiOn February 5, 2014, Sheriff Tregre moved for a suspensive appeal which was granted on February 6, 2014.
ASSIGNMENTS OF ERROR
Sheriff Tregre specifies the following errors:
1. The trial court erred as a matter of law in implicitly finding that the owner of a vehicle seized as evidence in association with an arrest of the owner’s son on illegal illicit drug activity could independently initiate an action in which she sought an award of attorney fees and pursued other claims under the drug property Forfeiture Act when no independent civil forfeiture action was initiated by the District Attorney, who in writing declined to pursue such forfeiture.
2. The trial court erred as a matter of law in allowing an owner of a vehicle seized as evidence in association with an arrest of the owner’s son on illegal illicit drug activity to independently initiate a claim for an award of attorney fees and to pursue other claims under the drug property Forfeiture Act by filing a motion outside the context of any other pending matter.
*308 8. The trial court erred in implicitly finding that a release of all claims, signed by an owner of a vehicle seized as evidence in association with an arrest of the owner’s son on illegal illicit drug activity as a condition of her vehicle from seizure, was not binding on the owner.
4. The trial court abused its discretion in making an award of $6,000.00 attorney fees to an owner of a vehicle seized as evidence in association with an arrest of the owner’s son on illegal illicit drug activity where the vehicle was returned prior to the bulk of the work purportedly per- ■ formed by the attorney, and the attorney’s efforts to have evidence precluded were unsuccessful and accounted for substantial delays in the proceedings and a substantial number of hours claimed to have been worked by the attorney on the matter.
Mrs. McDowell answered the appeal noting the following issues as her assignments of error:
1. Whether the award of $6,000.00 in legal fees is sufficiently low so as to be characterized as an abuse of discretion. Ms. McDowell contends that the trial court should have but failed to award legal interest on the awards granted.
2. Whether additional attorney fees should be awarded for the legal services provided upon appeal.
^STANDARD OF REVIEW
The amount of áttorney’s fees, when statutorily permitted, is subject to review under the abuse of discretion standard. La. R.S. 40:2611(L). Here, however, the dispositive issue is whether the Forfeiture Act creates an independent cause of action for a claimant when the District Attorney has not initiated an in rem or in personam civil forfeiture proceeding. A peremptory exception of no cause of action may be noticed by the appellate court of its own motion. La. C.C.P. art. 917(B); Unwired Telecom Corp. v. Parish of Calcasieu, 03-732 (La.12/12/03), 2003 WL 22928525, superceded on reh’g (La.1/19/05), 903 So.2d 392.
LAW AND DISCUSSION
The Sheriffs first and second assignments of error relate to the same issue of whether Ms. McDowell is entitled' under the Forfeiture Act to attorney’s fees against the seizing agency, when she merely filed a verified claim for return of her seized property under the Forfeiture Act and the District Attorney at no point filed a petition for forfeiture. These assignments of error will be considered together.
La. R.S. 40:2604 provides, in pertinent part, that any property used in illegal drug transactions is subject to forfeiture. Property is exempt from seizure if the owner can establish “[tjhat [s]he is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.” La. R.S. 40:2605(1). The Forfeiture Act describes how a law enforcement agency, pursuant to La. R.S. 40:2606(A), can apply to a court for a warrant of seizure on the basis of probable cause; and can also apply for a warrant for seizure of property originally seized as evidence under La. R.S. 40:2606(C). After finding probable cause, the court may “order that the property be held pending forfeiture_” Id. The seizing |8agency then has ten days to notify the District Attorney of the seizure for forfeiture. La. R.S. 40:2606(D).
The District Attorney has forty-five days to provide a “written assertion” to *309 the owner, that he intends to seek forfeiture. La. R.S. 40:2608(l)(a). Thereafter, the District Attorney can commence forfeiture proceedings by filing a petition for forfeiture within 120 days after the property is seized for forfeiture, or within 90 days of notice if a timely claim is served by the owner following receipt of the written assertion. La. R.S. 40:2608(l)(a). If no timely written assertion is given by the District Attorney, the owner may move in the underlying criminal proceeding for a release of the vehicle from seizure. La. R.S. 40:2608(l)(b). The District Attorney may bring two types of actions: (1) an independent in rem proceeding, under La. R.S. 40:2612, or (2) an independent in personam proceeding, under La. R.S. 40:2613.
The Forfeiture Act strictly bars any collateral actions by owners of property seized for forfeiture under its provisions. La. R.S. 40:2620. La. R.S. 40:2611(L) provides that if an owner, as a claimant, prevails in a forfeiture proceeding and “is successful in obtaining the return of the property in a civil proceeding, the Court may award the claimant reasonable attorney fees, to be paid by the seizing agency, and the claimant shall also be exempt from any towing fees, or other costs incurred in the seizure, preservation, storage, or return of such seized property.” (Emphasis supplied.)
An award of attorney’s fees must be authorized by statute or contract. Dazzet Mortgage Solutions, LLC v. Faia, 12-486 (La.App. 5 Cir. 4/10/13), 116 So.3d 711, citing Rivet v. State, Dep’t of Trans. & Dev’t., 96-0145 (La.9/5/96), 680 So.2d 1154.
|9Upon review of the well-pleaded facts of Ms. McDowell’s motion, we find, that Ms. McDowell has failed to state a cause of action for attorney’s fees under the Forfeiture Act. La. C.C.P. art. 917(B). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law — here, the Forfeiture Act — affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). Consequently, a court reviews the petition and accepts well-pleaded facts as true. Jackson v. State ex rel. Dep’t of Corrections, 00-2882 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, 131.
In her motion styled “Motion for Attorney’s Fees Brought Pursuant to the Louisiana Controlled Dangerous Substances Property Forfeiture act of 1989,” Ms. McDowell asserted her claim for attorney’s fees, towing fees and battery replacement costs, all under the Forfeiture Act. In her two-page motion, she claims that she is the owner of the vehicle seized by the Sheriff who stated that certain criminal conduct “gave rise to forfeiture,” namely the arrest of her son Corey McDowell [sic] on possession of a schedule II controlled dangerous substance. She asserted that to properly file a claim for her vehicle, she engaged counsel (at the rate of $250.00 per hour with a minimum engagement fee in the sum of $3,000.00), and that counsel prepared and filed a verified claim pursuant to La. R.S. 40:2610, for the return of the vehicle,' reasonable attorney’s fees from the seizing agency, and exemption from any towing fees, and other costs incurred to return the vehicle in substantially the same condition. Ms. McDowell claimed that under La. R.S. 40:2605, she is “not legally accountable for the conduct giving rise |into its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.”
*310 For the limited purpose of the exception, we accept these allegations as true; whether the petition as a matter of law states a cause of action for the relief sought, attorney’s fees, under the Forfeiture Act is the issue. The claimant does not allege or establish that the District Attorney had already commenced an in rem or in personam civil proceeding. We find that the Sheriffs application for a warrant of seizure on the basis of probable cause, under La. R.S. 40:2606(C), did not constitute initiating a civil proceeding by the District Attorney. Similarly, Ms. McDowell’s verified claim sent to the Sheriffs Office and the District Attorney, under La. R.S. 40:2610, did not constitute a civil proceeding. On review of the motion/petition, we find that the trial court erred in implicitly finding that claimant stated a cause of action under the Forfeiture Act to make any such award including attorney’s fees.
Based on a plain reading of La. R.S. 40:2611(L), an award of attorney’s fees under the Forfeiture Act would require (1) that the District Attorney had formally initiated a civil forfeiture proceeding; and (2) that the claimant prevailed in that civil proceeding and succeeded in obtaining the return of the property. Consistent with the District Attorney’s August 2, 2013 communication that he did not wish to pursue forfeiture of the McDowell vehicle, the District Attorney did not file a petition for forfeiture and acted within the time constraints in investigating the matter. In fact, the District Attorney acted well within the time limits of the Forfeiture Act when he declined to initiate the civil proceeding. Additionally, Ms. McDowell did not receive the return her vehicle by prevailing in any forfeiture proceeding. Her motion was not for return of the vehicle, but for attorney’s fees, and the vehicle was returned to her by the Sheriff, on authorization of the District |nAttorney without the necessity of a civil proceeding several days before her motion was filed.
Applying the plain language of the Forfeiture Act, the First Circuit has required the existence of a District Attorney-initiated civil proceeding for the successful claimant to seek attorney’s fees under the Forfeiture Act. Woods v. Louisiana Dep’t of Public Safety, 09-1592 (La.App. 1 Cir. 4/30/10), 38 So.3d 1000. The Woods Court, on its own exception of no cause of action, dismissed a claim for legal interest on money seized from the owner. The Court held that only the court hearing the forfeiture action could exercise its discretion to award attorney’s fees. Id.
By requiring the District Attorney to initiate the civil forfeiture proceeding, the Legislature gave the State the sole burden to investigate and pursue forfeiture in a civil proceeding. The property owner may have moved for release of the seized property in the criminal proceeding only if the District Attorney had not provided a timely written assertion. La. R.S. 40:2608(l)(b). Under the- Forfeiture Act, it is not enough for the property owner to allege that she spent money on an attorney or that her selected counsel performed so many hours of work on a subject; she must be defending against the action of the District Attorney who is pursuing the contested forfeiture of her property, and she must prevail in that in rem or in personam civil proceeding.
By following the legislative dictates of the Forfeiture Act, we decline to legislate a new cause of action that exposes law enforcement entities to liability without first providing them with an opportunity to investigate the verified claims filed by owners of seized property. A new cause of action, as suggested by appellee, would impermissibly hamstring law enforcement’s role in investigating alleged criminal activity with efficient use of its limited resources.
*311 112The Sheriffs first two assignments of error have merit. We find that Ms. McDowell’s claim fails to state a cause of action under the Forfeiture Act and dismiss all her claims against the Sheriff with prejudice. We afford no opportunity for Ms. McDowell to amend her motion, as no grounds exist for the exception to be remedied based on the relief sought. See Alexander & Alexander, Inc. v. State, Div’n of Admin., 486 So.2d 95 (La.1986).
Based on the findings above dismissing Ms. McDowell’s claims, this Court does not reach the Sheriffs assignments of error three and four pertaining to enforcement of the acknowledgement and the reasonableness of the attorney’s fee award, respectively. The Sheriffs assignments of error three and four are therefore moot.
Ms. McDowell’s two assignments of error in her answer to the Sheriffs appeal are also moot. Without a cause of action for attorney’s fees and costs, this Court does not reach the issue of whether the trial court abused its discretion in awarding a specific amount.
CONCLUSION
For the reasons assigned herein, the judgment of the trial court awarding attorney’s fees, reimbursement of towing costs, and repair costs is reversed for Ms. McDowell’s failing to state a cause of action under the Forfeiture Act; appellee’s motion for attorney’s fees under the Forfeiture Act is dismissed with prejudice. Ap-pellees’ answer to the appeal seeking an increase of attorney’s fees at trial and on this appeal and legal interest on the initial award is denied as moot. Appellate costs are assessed to appellee, Ms. McDowell.

REVERSED AND RENDERED.

. That acknowledgement provided, in part:
Said owner further acknowledges that the property is being returned in good condition, that there was reasonable cause for seizure for forfeiture, and that the owner hereby agrees to hold harmless the St. John the Baptist Sheriff's Office and the St. John the Baptist District Attorney Office from any action or claim for damages as a result of the seizure of the above listed property. (Emphasis supplied).

. Despite the "motion” having been filed by Ms. McDowell seeking relief from the Sheriff, as seizing agency, she styled the matter: State of Louisiana v. Crystal McDowell & One Jeep Cherokee Automobile, VIN # 1J4GX48S34C315252, 40th JDC Case No. 65257 "A.”