268 So.2d 714 (1972)
Sam MARGOLIS
v.
ALLEN MORTGAGE & LOAN CORPORATION.
No. 5107.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1972.
Joseph Rosenberg and Morris B. Phillips, New Orleans, for plaintiff-appellee.
Frank S. Bruno, New Orleans, for defendant-appellant.
Before REDMANN, LEMMON and STOULIG, JJ.
STOULIG, Judge.
This is an appeal from an order granting executory process. Rather than assert his defenses by way of injunctive remedy, appellant elected to suspensively appeal (LSA-C.C.P. art. 2642) from errors allegedly patent on the face of the record. It is urged that the pleadings and ancillary supportive documents for executory process tendered by appellee do not comply with the formal requirements of LSA-C. *715 C.P.arts. 2634-2636. Appellant's position is well taken and accordingly we vacate the order of executory process.
The mortgage note sought to be foreclosed upon was executed on September 21, 1959, by Allen Mortgage & Loan Corporation in favor of the Third District Homestead Association (Third District) in the principal sum of $8,000. On March 24, 1971, Southern Savings and Loan Association (Southern), acting through its secretary-treasurer, Mildred Evans, by authentic act of "Notarial Assignment and Endorsement of Vendor's Lien Note," assigned the note to appellee, Sam Margolis, who subsequently instituted the foreclosure by executory process.
Executory process is an extraordinary procedure, summary in nature, designed to expedite the satisfaction of delinquent negotiable paper in order to render it more acceptable in commerce. Because it is harsh in nature, the Code of Civil Procedure in Articles 2635 and 2636 imposes the requirement that the right to use this process must be supported by certain self-proving documents, which must be accurate in every significant detail and explicit as to their nature and character.
This court in the case of American Budget Plan, Inc. v. Small, La.App., 229 So.2d 190 (1969), confirmed that it is one of the appellate functions in reviewing an order of executory process to notice deficiencies patent on the face of the record, even though not assigned as an error on appeal. It therefore follows that this court has the duty to examine the record to verify full compliance with all the formal requirements of the controlling articles. Our review of the pleadings and ancillary documents filed in connection with the application for executory process reveals the following deficiencies.
The petition and the mortgage note are in variance. According to the petition the appellee is the holder of a promissory note payable "to the order of Southern Savings & Loan Association," whereas, the note attached to the pleadings reflects the named payee as Third District Homestead Association. The petition fails to set forth, nor is there attached any document, that establishes the method by which Southern acquired Third District's rights in the instrument.
The record does not contain a duplicate original or certified copy of the authentic act of mortgage as specifically required by LSA-C.C.P. art. 2635(2).
The mortgage note does not bear the endorsement of any officer of Southern and thereby does not conform to the act of notarial assignment which avers that the secretary-treasurer of said association endorsed the note without recourse.
The resolution of the Board of Directors of Southern, attached to the act of notarial assignment as authority of its secretary treasurer, Mildred Evans, to act on behalf of the corporation, did not empower her to execute an act of notarial assignment (and transfer) of the mortgage note. It is a general resolution which authorizes certain officers, including the secretary-treasurer, to buy or sell for the corporation any real estate situated in several designated parishes. There are neither general nor special provisions in the document which authorize these officers, either expressly or impliedly, to execute a notarial assignment on the corporation's behalf.
It is axiomatic that the authority to act on behalf of a corporation can only be conferred by the charter or a resolution of the Board of Directors. The record contains no evidence that the secretary-treasurer possessed either of these authorizations to assign vendor's lien notes of the association. Therefore her purported act of notarial assignment to plaintiff is of no legal effect, nor can it serve as a valid basis for the issuance of a writ of seizure and sale under executory process.
Appellee having failed to meet the sacramental requirements necessary to sustain *716 the right to executory process, the order of the trial court of May 24, 1971, granting executory process is hereby recalled, vacated, and set aside. Costs of these proceedings are to be borne by appellee.
Reversed and rendered.