GRISBAUM, Judge.
This appeal relates to a preliminary injunction concerning executory process. Having secured an order through exec-utory process for seizure and sale of defendant’s property, the plaintiff was met with *1218 a motion for a preliminary injunction to enjoin the sale. The trial court denied the preliminary injunction which plaintiff now appeals on the grounds of certain defects in the proceedings. We set aside and remand.
ISSUES
Numerous issues have been raised; however, we deem only two principal questions require addressing:
(1) Whether the executory proceedings were defective where no evidence is of record of the authority of the partnership’s agents to execute the mortgage, and
(2) Whether the executory proceedings were defective where no corporate resolution appears of record showing authority to assign the mortgage note to the entity enforcing the mortgage via executory process.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Elmwood Federal Savings and Loan Association (Elmwood), filed a verified petition for executory process against defendant, M&C Partnership in Commen-dam (M & C), seeking to foreclose on property mortgaged by M & C. Included in the petition was the allegation that the defendant was in default on his obligation. Attached to that petition were:
(1) a copy of a mortgage note signed on behalf of M & C, executed in authentic form and paraphed for identification with an act of mortgage, and made payable to the order of General American Life Insurance Company;
(2) a copy of an act of mortgage executed in authentic form naming M&C as mortgagor and signed on M & C’s behalf;
(3) a copy of an authentic act of transfer of the mortgage note and mortgage from General American to Elmwood; and
(4) a copy of a letter sent by certified mail from Elmwood’s attorney to M & C advising of plaintiff’s election to accelerate the balance of the note and of plaintiff’s intent to file suit for execu-tory process if the balance remained unpaid after seven days from date of letter.
Based on this evidence, the trial court granted an order of executory process pursuant to which defendant’s property was seized. Thereafter, M&C filed a petition seeking to enjoin the sale, alleging that plaintiff’s petition for executory process was defective in numerous respects. A hearing was held wherein the trial court denied the defendant’s request for an injunction.
ANALYSIS — ISSUE ONE
La.C.C.P. art. 2635 lists the authentic evidence which shall be submitted with a petition for executory process:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
(3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
(4) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff’s right to use executory process.
Additionally, certain documentary evidence is “deemed to be authentic” for purposes of executory process. La.C.C.P. art. 2636. Also, C.C.P. art. 2636 lists evidence which need not be authentic when used for executory process.
Plaintiff attached to its petition for exec-utory process documents tending to prove its right to an order of executory process. However, they did not include any evidence showing the authority of M & C’s general partners to execute the mortgage on behalf of the partnership.
Our jurisprudence has repeatedly stated that executory process is a unique and harsh remedy and because of these attributes the rules which allow a creditor to proceed with this remedy must be strictly construed. The requirement of authentic evidence to support every link in the chain of evidence in an executory proceeding is *1219 the very foundation of executory process. Bank of St. Charles and Trust Co. v. Great S. Coach Corp., 424 So.2d 462 (La.App. 5th Cir.1982). Importantly, jurisprudence clearly requires as one such “link” that a properly certified corporate resolution authorizing the mortgage of the debt- or’s property be included in all applications for executory process against property mortgaged by a corporation. La.R.S. 13:4103; First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1987); Bank of St. Charles, supra, and cases cited therein. Defendant claims that a similar link is necessary where an act of mortgage is executed on behalf of a partnership, arguing that statutory law and jurisprudence also mandate that a certified copy of the contract of partnership was required to be attached to the petition.
Plaintiff, on the other hand, argues that no such evidence is necessary. It first states that this is not a specifically listed requirement of La.C.C.P. art. 2635. Plaintiff also recognizes that La.C.C.P. art. 2636 recites that a certified copy of a partnership contract authorizing execution of a mortgage is deemed to be authentic for executory process purposes and correctly states that this article alone does not directly mandate the filing of this evidence. It then distinguishes this situation from that where a corporation’s property has been mortgaged. It argues that, since the legislature adopted La. 13:4103 mandating the attachment of a corporate resolution while adopting no similar provision for partnerships, no such requirement exists. The trial court, in its Reasons for Judgment, agreed with this argument and found that filing partnership articles was not necessary.
What this argument overlooks, however, is that La.C.C.P. art. 2635(4) also gives a broad requirement of authentic evidence “necessary to complete the proof of plaintiff’s right to use executory process.” The article does not specify what this encompasses, but it appears that evidence of the authority to mortgage partnership property is included in this requirement.
In First Guaranty Bank, supra, the Louisiana Supreme Court reviewed the history of submitting authentic evidence of a corporate resolution authorizing the mortgage of debtor’s property. The court states that this practice is “merely a specific application of the well-established rule that when a mortgagor acts through an agent in executing a mortgage and note, authentic evidence of the agent’s authority to act must be presented in order to take advantage of executory process.” Id. at 835 (emphasis added). This requirement of executory process, as well as others, existed in the jurisprudence since the 1800s and was merely codified in La.R.S. 13:4103 and La.C.C.P. art. 2635 et seq. Although these articles were subsequently amended, the Louisiana Supreme Court also notes that
the contemporaneous official revision comments to article 2635 state the purpose of that article was not to change the law, but simply to recognize “well-settled jurisprudential rules.” La.Code Civ.P. Ann. art. 2635, comment (a) (West 1961). The comments further indicate one of the rules to be preserved was the requirement that where a mortgagor acts through an agent, a certified copy of the authentic act authorizing the agent to execute the mortgage must be attached to the petition for executory process. La.Code Civ.P.Ann. art. 2635, comment (d) (West 1961).
Id. at 836.
Accordingly, we deem that authentic evidence of any agent’s authority to sign a mortgage note would be “necessary to complete the proof of plaintiff’s right to use executory process.” La.C.C.P. art. 2635(4). Ergo, the plaintiff should have included proof of the general partners’ authority to execute the mortgage.
ISSUE TWO
The record shows Elmwood received the mortgage note and mortgage upon which it sues by way of assignment from the original mortgagee. It is well-settled in the jurisprudence that all such transfers and endorsements be evidenced by an authentic act and a certified copy annexed to *1220 the petition. La.C.C.P. art. 2635, comment (d) (West 1961); Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (La.1884); Am. Sec. Bank of Ville Platte v. Deville, 368 So.2d 167 (La.App. 3d Cir.1979). Accordingly, plaintiff attached to its petition a certified copy of the authentic act of transfer. However, the necessity of attaching authentic evidence of a corporate agent’s authority to execute the act of transfer itself is res nova in this Circuit.
The defendant claims that the court’s decision in Margolis v. Allen Mortgage & Loan Corp., 268 So.2d 714 (La.App. 4th Cir.1972) by our brothers of the Fourth Circuit requires evidence of such authority. The Margolis court found several defects in the plaintiff's petition for executory process. There, as here, the mortgage note had been assigned to the plaintiff. The plaintiff, however, failed to submit evidence of the authority of assignor’s agent to assign the mortgage. The court concluded that
It is axiomatic that the authority to act on behalf of a corporation can only be conferred by the charter or a resolution of the Board of Directors. The record contains no evidence that the secretary-treasurer possessed either of these authorizations to assign vendor’s lien notes of the association. Therefore her purported act of notarial assignment to plaintiff is of no legal effect, nor can it serve as a valid basis for the issuance of a writ of seizure and sale under exec-utory process/
Id. at 715. Accordingly, we adopt the rationale of the Fourth Circuit and find that the plaintiff should have attached to its petition a corporate resolution authorizing the transfer of the mortgage and the mortgage note. Its failure to do so defeated the use of executory process.
Other issues have been raised which we find either have no merit or need not be addressed in light of our finding that the trial court’s refusal to grant injunctive relief was inappropriate.
For the reasons assigned, the judgment of the trial court is set aside and remanded for further proceedings consistent with this opinion. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED