907 So.2d 129 (2005)
UNION PLANTERS BANK, National Association
v.
COMMERCIAL CAPITAL HOLDING CORPORATION, Patrick M. Haney, Mark M. Byouk, National Union Fire Insurance Company of Pittsburgh, Pa and American International Specialty Lines Insurance Company.
No. 2004 CA 0871.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
Phillip W. Preis, Charles M. Gordon, Jr., Crystal D. Burkhalter, Baton Rouge, for Appellants, Commercial Capital Holding Corporation and Healthcare Capital Management, Inc.
Brent B. Barriere, New Orleans, H. Alston Johnson, III, Baton Rouge, for Appellees, State Farm Indemnity Company and State Farm Mutual Automobile Insurance Company.
Mark D. Mese, Baton Rouge, for Appellee, Union Planters Bank, National Association.
George D. Fagan, Angelina Christina, New Orleans, for Appellees, National Union Fire Insurance Company of Pittsburgh, PA and American International Specialty Lines Insurance Company.
*130 David S. Rubin, Baton Rouge, for Appellee, Postlethwaite & Netterville (APAC).
Patrick W. Gray, Lafayette, for Appellees, Prudential Property & Casualty Insurance Company and The Prudential Property and Casualty New Jersey Holdings, Inc.
Robert J. Young, III, Metairie, for Appellees, The Ohio Casualty Insurance Company and Ohio Casualty of New Jersey, Inc.
John B. Davis, II, Baton Rouge, for Appellee, New Jersey Manufacturers Insurance Company.
William E. Steffes, Gary K. McKenzie, Baton Rouge, for Appellees, Allstate Insurance Company and Allstate Indemnity Company.
Russell L. Dornier, Baton Rouge, for Appellee, Mark M. Byouk.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
CARTER, C.J.
This is an appeal of a trial court judgment sustaining a peremptory exception raising the objection of res judicata urged by State Farm Indemnity Company and State Farm Mutual Automobile Insurance Company (State Farm) in response to a third party demand brought by Commercial Capital Holding Corporation. The basis of the res judicata objection is a judgment rendered by a New Jersey court.
On the trial of the peremptory exception raising the objection of res judicata, the burden of proving the facts essential to sustaining the objection is on the party pleading the objection. Diamond B Const. Co., Inc. v. Department of Transp. and Development, 02-0573 (La.App. 1 Cir. 2/14/03), 845 So.2d 429, 435. When a party raises an objection of res judicata, the court must examine not only the pleadings but also the entire record in the first suit, to determine whether the second suit is, in fact, barred by res judicata. See Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758, 760 (La.1978).
Various parties, including State Farm, filed portions of the New Jersey suit record into the record as attachments to memoranda. However, the memoranda and attached exhibits were not introduced into evidence at the hearing on the objection.[1] This court cannot consider exhibits filed into the record as an attachment to a memorandum in determining the issues on appeal. They are not evidence and are not properly part of the record on appeal. McKnight v. D & W Health Services, Inc., 02-2552 (La.App. 1 Cir. 11/7/03), 873 So.2d 18, 24 n. 3. We note too that there is no provision in the law for this court to take judicial notice of a suit record from another court. See Louisiana Business College v. Crump, 474 So.2d 1366, 1369 (La.App. 2 Cir.1985).
It was incumbent on State Farm, as the party pleading the objection of res judicata, to introduce the New Jersey suit record into evidence at the trial court juncture of these proceedings. Louisiana Business College, 474 So.2d at 1369. Without any documentary evidence, State Farm could not meet its burden of proof on the objection. Bond v. Bond, 35,971 (La.App. 2 Cir. 4/3/02), 813 So.2d 1148, 1150.
The record before this court contains no evidence showing that this matter has been adjudicated. Accordingly, the trial court judgment sustaining the peremptory exception raising the objection of res judicata *131 brought by State Farm must be reversed. Appellant's motion to allow exhibits to be attached to its reply brief, which was referred to the panel of this court reviewing the merits of this appeal, is dismissed as moot. Costs of this appeal are assessed to State Farm.
JUDGMENT REVERSED; MOTION DISMISSED AS MOOT.
PETTIGREW, J., concurs and assigns reasons.
PETTIGREW, J., concurring.
I respectfully concur with the majority in the lack of evidence on the res judicata issue. However, I have serious concerns as to whether Commercial Capital Holding Corporation has stated a right of action against State Farm pursuant to LA.Code Civ. P. art. 927; but I will leave this issue for another day.
NOTES
[1] Several parties participated in the hearing on the issue of res judicata. None of the parties introduced the New Jersey suit record, or any portion thereof, into evidence.