# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-260


BRIELLE'S FLORIST & GIFTS, INC.

VERSUS

TRANS TECH, INC.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20104742
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**


Randall L. Guidry
503 W. University Avenue
Lafayette, LA   70506-3651
(337) 233-8800
COUNSEL FOR DEFENDANT/APPELLEE:
        Trans Tech, Inc.


Richard Mary
Richard Mary and Associates
10641 Pecue Lane
Baton Rouge, LA   70810
(225) 936-1451
COUNSEL FOR PLAINTIFF/APPELLANT:
        Brielle's Florist & Gifts, Inc.

AMY, Judge.

This case arises from the plaintiff's lease of several buses to the defendant. After the defendant allegedly failed to maintain the buses free of damage, the plaintiff brought suit, seeking remuneration for the damages. The defendant filed exceptions of res judicata, no cause of action, and no right of action, alleging that a settlement had been reached in prior litigation. The trial court granted the exceptions. For the following reasons, we reverse and remand.

**Factual and Procedural Background**

The plaintiff, Brielle's Florist & Gifts, Inc. filed suit, alleging that the defendant, Trans Tech, Inc., breached its lease with Brielle's by failing to maintain the leased property free of damage. Trans Tech subsequently filed exceptions of res judicata and "no cause and/or no right of action," contending that the alleged breach of lease issue had been resolved by settlement in prior litigation. Trans Tech's contention, according to the record, was that Mark Chiasson[1] had filed suit against Trans Tech, seeking both the appointment of a receiver and liquidation. According to Trans Tech, a settlement agreement was reached that released all claims by or against Brielle's. The parties' briefs indicate that no formal settlement agreement was signed but that the trial court in that case ordered that the case be settled "in strict conformity to the terms of the settlement agreement." Brielle's contended that the settlement agreement was not enforceable against it because it was not a named party to that litigation.

The trial court held a hearing on the exceptions and granted the exceptions of res judicata, no cause of action and/or no right of action.[2] Although the

---

[1] At the hearing on the exceptions, Trans Tech contended that Brielle's is wholly owned by Chiasson and that Chiasson is the president of Brielle's.

[2] At the hearing, the trial court indicated it was granting the exceptions of "res judicata and/or no right of action." However, the judgment indicates that the trial court granted the exceptions of res judicata, no cause of action and/or no right of action.

transcript indicates that the trial court considered the settlement agreement and the judgment enforcing the settlement agreement, neither document was introduced into evidence nor is either contained within the appellate record. The only copies of either the settlement agreement or the minutes of the trial court ordering enforcement of the settlement agreement are attached to Trans Tech's brief to this court. Trans Tech also indicates in its appellate brief that those documents were attached to the brief it submitted to the trial court in support of its exceptions.

Brielle's appeals, alleging that the trial court erred in granting the exception of res judicata and the exception of "no right of action and/or no cause of action."

**Discussion**

*Peremptory Exception of Res Judicata*

The exception of res judicata acts to bar a subsequent judgment when there is a prior case that involves the same parties and the same cause of action, and the previous judgment was a final judgment on the merits rendered by a court of competent jurisdiction. La.Code Civ.P. art. 927; *Zeno v. Flowers Baking Co.*, 10-1413 (La.App. 3 Cir. 4/6/11), 62 So.3d 303. The party urging an exception of res judicata must prove its elements by a preponderance of the evidence. *Rudolph v. D.R.D. Towing Co., LLC*, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274. Louisiana Code of Civil Procedure Article 931 permits the introduction of evidence at the trial of a peremptory exception "to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

In the case of an exception of res judicata, the trial court should examine "not only the pleadings but also the entire record in the first suit, to determine whether the second suit is, in fact, barred by *res judicata*." *Union Planters Bank v. Commercial Capital Holding Corp.*, 04-871, p. 3 (La.App. 1 Cir. 3/24/05), 907

2

So.2d 129, 130. Further, the failure to introduce such documentary evidence into the record can prohibit the party pleading the exception from meeting its burden of proof. *Id. See also Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

*Exceptions of No Cause of Action and/or No Right of Action*

With regard to the exceptions of no cause of action and/or no right of action, the supreme court has stated that:

> Although these two exceptions are often confused or improperly combined with the same exception, the peremptory exceptions of no right of action and no cause of action are separate and distinct. [La. Code Civ.P.] art. 927(A)(4) and (5); *Industrial Cos., Inc. v. Durbin*, 02-0665, p. 6 (La. 1/28/03); 837 So.2d 1207, 1212. This court has recognized that one of the primary differences between the exception of no right of action and no cause of action lies in the fact that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant. *Id.*

> The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. [La.Code Civ.P.] art. 927; *Turner v. Busby*, 03-3444, p. 4 (La. 9/9/04), 883 So.2d 412, 415. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. *Id.*

> In contrast, an exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Industrial Cos., . . .* 837 So.2d at 1213.

*Badeaux v. Sw. Computer Bureau, Inc.*, 05-612, 05-719, pp. 6-7 (La. 3/17/06), 929 So.2d 1211, 1216-17.

No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. The exception of no cause of action is triable on the face of the pleadings and, for the purposes of

the exception, the well-pleaded facts in the petition are accepted as true. *Robertson v. Sun Life Fin.*, 09-2275 (La.App. 1 Cir. 6/11/10), 40 So.3d 507. However, "[u]nlike the exception of no cause of action, evidence may be received under the exception of no right of action for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist." *Id.* at 511.

*Evidence Not Filed into the Record*

The supreme court addressed the ability of the courts of appeal to consider evidence not formally filed into the record in *Denoux v. Vessel Management Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84. The supreme court stated:

> Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.
>
> Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.

*Id.* at 88 (citations omitted). Further, the courts of appeal have no authority to consider facts, memoranda or exhibits referred to in the appellate briefs if they are not in the appellate record. *Jones v. Jones*, 09-757 (La.App. 5 Cir. 12/29/09), 30 So.3d 137.

Although the underlying ruling was clearly based on the settlement agreement and judgment, those documents were not formally entered into evidence and are thus not part of the record before this court. Instead, copies of those documents are only attached to Trans Tech's brief and cannot be considered as evidence on appeal. Thus, because no evidence of the prior suit appears in the record, and the grounds for the exceptions of res judicata and no right of action do not appear from the petition, the trial court erred in granting those exceptions. Therefore, we reverse the judgment of the trial court sustaining the exceptions of

4

res judicata and no right of action. *See Rudolph*, 59 So.3d 1274; *Union Planters Bank*, 907 So.2d 129.

Further, with regard to the exception of no cause of action, the fourth circuit has found that, where the petition alleged facts that, taken as true, would establish that: "(1) a lease existed; (2) the lease provided certain duties among the parties; and (3) the defendants breached those duties[.]" this was sufficient to support a cause of action against the defendants. *R-Plex Enters., LLC. v. Desvignes*, 10-1337, p. 6-7 (La.App. 4 Cir. 2/9/11), 61 So.3d 37,41. Assuming as true the facts alleged by Brielle's in its petition, Brielle's has alleged that a lease existed between the parties regarding the buses, that it provided that Trans Tech maintain the buses free of damage, and that Trans Tech did, in fact, allow damage to the buses. Therefore, in light of the alleged facts, the trial court erred in granting the exception of no cause of action. We reverse the judgment of the trial court granting the exception of no cause of action.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the exceptions of res judicata, no cause of action and/or no right of action is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to Trans Tech, Inc.

**REVERSED AND REMANDED.**