| COMMUNITY DEVELOPMENT CAPITAL | * | NO. 2019-CA-0045 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| HOUSING CORPORATION OF AMERICA, GREGORY SWAFFORD, AND VANESSA MARIE CALISTE SWAFFORD | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
|---|---|
| COMMUNITY DEVELOPMENT CAPITAL | NO. 2019-CA-0046 |
| VERSUS | |
| HOUSING CORPORATION OF AMERICA, GREGORY SWAFFORD, AND VANESSA MARIE CALISTE SWAFFORD | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-10044, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany G. Chase)


Robert A. Mathis
NEWMAN, MATHIS, BRADY & SPEDALE, APLC
433 Metairie Road, Suite 600
Metairie, LA 70005
    COUNSEL FOR PLAINTIFF/APPELLEE

Gregory Swafford
ATTORNEY AT LAW
4734 Franklin Street
New Orleans, LA 70122-6112
    COUNSEL FOR DEFENDANTS/APPELLANTS

Carl V. Williams
ATTORNEY AT LAW
1010 Common Street, Suite 2402
New Orleans, LA  70112
          COUNSEL FOR INTERVENORS/APPELLANTS


**AFFIRMED**

**JULY 31, 2019**

Defendants, Housing Corporation of America, Gregory Swafford and

Vanessa Marie Caliste Swafford, and Intervenors, Joshua Gaines and Corey

Chandler, appeal two judgments:  A judgment of May 3, 2018 granting a Motion

for Summary Judgment, an Exception of No Cause of Action, and a Motion to

Cancel Lis Pendens filed on behalf of plaintiff/appellee, Community Development

Capital; and a judgment rendered October 10, 2018, denying a Motion for New

Trial of the May 3, 2018 judgment filed by Intervenors, and granting an Exception

of Res Judicata filed on behalf of Community Development Capital.

**FACTS:**

Community Development Capital ("CDC") filed two suits for executory

process on October 10, 2016, foreclosing on two promissory notes and a multiple

indebtedness mortgage executed by Gregory Swafford and Vanessa Marie Caliste

Swafford ("the Swaffords"), encumbering property owned by the Swaffords (5524

Lafaye Street and 6726 Lamb Road, both located in Orleans Parish).[1]

---

[1] Those cases were assigned Case No. 2016-10044 (Lamb Road) and Case No. 2016-10045 (Lafaye Street) in Civil District Court.  The cases were consolidated in the lower court after a contradictory hearing.

The trial court ordered that a sheriff's sale take place. Prior to the sheriff's sale, Housing Corporation of America ("HCA") and the Swaffords (herein collectively "defendants") on January 19, 2017, filed a petition for a preliminary and permanent injunction to enjoin the sheriff's sale and to convert the process "via ordinaria" and for an accounting ("Petition for Injunction").

On January 31, 2017, the parties entered into a consent judgment dismissing the Petition for Injunction, with prejudice, which had been filed in Case No. 2016-10045. Additionally, the consent judgment provided that defendants were not to file for injunctions in an unrelated case, and that upon defendants filing a motion to dismiss the Petition for Injunction, CDC agreed not to schedule a sheriff's sale until at least April 27, 2017.

On April 27, 2017, a sheriff's sale was held, at which time CDC became the adjudicatee of the two pieces of property. The Sheriff's Deed was recorded for each property on June 13, 2017.

Defendants filed a Petition to Annul Sheriff's Sale on May 8, 2017, and CDC was served on September 6, 2017. CDC thereafter filed a Motion for Summary Judgment, and Exceptions of No Cause of Action and Res Judicata in response. CDC also filed a motion to cancel the Notice of Lis Pendens filed by defendants.

On October 20, 2017, CDC sought a writ of possession for the Lafaye Street property. Defendants filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief on November 7, 2017, seeking to prevent eviction of the occupants.

On November 27, 2017, the trial court heard the contested Motion to Consolidate and Petition for Preliminary Injunction. The cases were ordered

2

consolidated and the injunctive relief sought was taken under advisement. Defendants were granted an additional ten days to post a bond relative to the injunction. The court set a hearing date of December 15, 2017, for defendants' preliminary injunction (to prevent eviction), and CDC's Exceptions of No Cause of Action and Res Judicata, its Motion for Summary Judgment, and its Motion to Cancel Lis Pendens.

Following the hearing, the trial court rendered judgment on May 3, 2018, granting CDC's Motion for Summary Judgment, its Exception of No Cause of Action, and its Motion to Cancel Lis Pendens.[2]

A Petition of Intervention was filed on December 5, 2017, by Joshua Gaines and Corey Chandler. The petition alleged that intervenors were the owners of the Lafaye Street and Lamb Road property via transfer from Gregory Swafford and Vanessa Caliste-Swafford. The petition sought preliminary and permanent injunctions and annulment of the sheriff's sale. There is no evidence in the record that the petition was ever served on CDC.

Intervenors filed a Motion for New Trial relative to the May 3, 2018 judgment.

In the interim between the May 3, 2018 judgment and the grant of the motion for suspensive appeal, defendants filed a Second Amending and Supplemental Petition in Suit to Annul Sheriff's Sale. CDC filed an Exception of Res Judicata and Lack of Subject Matter Jurisdiction arguing that defendants were raising issues in their Second Amending Petition which arose out of the same transaction or occurrence that formed the basis for the original petitions for injunction, which were previously dismissed, with prejudice. As the original

_____

[2] There was no ruling on the Exception of Res Judicata. *See* fn. 7, *infra.*

3

petition had been dismissed, CDC argued that the trial court lacked jurisdiction to consider the Second Amending Petition.

The trial court issued a judgment on October 10, 2018, denying Intervenors' Motion for New Trial, and granting CDC's Exception of Res Judicata. The judgment indicated that the dismissal included all supplemental and amending petitions and the petition to intervene. Defendants and intervenors filed a motion for suspensive appeal.[3]

Thus, both the May 3, 2018 judgment (which was amended by order of this Court and signed February 25, 2019), and the October 10, 2018 judgment are the subjects of this appeal.

## DISCUSSION:

A. May 3, 2018 Judgment

1) Motion for Summary Judgment

Louisiana Code of Civil Procedure art. 966 provides that a party may move for summary judgment for all or part of the relief for which he has prayed. La. Code Civ. Proc. art. 966 A(1). The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of an action. La. Code Civ. Proc. art. 966 A(2). After adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents demonstrate that there exist no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. art. 966 A(3).

---

[3] This Court issued an order on January 17, 2019 for the trial court to amend its May 3, 2018 judgment to include proper decretal language so as to invoke the appellate jurisdiction of this Court. An Amended Judgment was signed by the trial court on February 25, 2019. The judgment granted CDC's Motion for Summary Judgment dismissing the defendants' Petition to Annul Sheriff's Sale; granted CDC's Exception of No Cause of Action as to the Petition to Annul Sheriff's Sale; and granted CDC's Motion to Cancel Lis Pendens that was filed by defendants and recorded in the Orleans Parish Mortgage Records.

An appellate court's review of a summary judgment is *de novo* based on the evidence presented to the district court, using the same criteria used by the lower court in deciding whether summary judgment should be granted. *Lewis v. Jazz Casino Co., L.L.C.,* 17-0935, p. 5 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 72. "Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in the light of the substantive law applicable to" the case *sub judice*. *Christakis v. Clipper Const., L.L.C.,* 12-1638, pp. 3-4 (La. App. 1 Cir. 4/26/13), 117 So.3d 168, 170. The applicable substantive law in this case is set forth in La. Civ. Code art. 3298, La. R.S. 9:5555 and La. Code Civ. Proc. art. 2635.

Defendants alleged two procedural grounds in their Petition to Annul Sheriff's Sale. The first ground was that CDC did not attach to its executory process petitions authentic evidence of corporate authority to sign the promissory notes. Second, defendants alleged that CDC's promissory notes were not paraphed with the Multiple Indebtedness Mortgages sued upon.

CDC filed a motion for summary judgment arguing that there existed no real or genuine issue as to any material fact and that CDC was entitled to dismissal of the Petition to Annul as a matter of law. As to the first allegation, CDC argued that defendants relied on a previous version of La. Code Civ. Proc. art. 2635, which was amended in 1989, and on *Elmwood Federal Savings and Loan Association v. M&C Partnership in Commendam,*[4] which was legislative overruled by the 1989 amendments.

The current version of La. Code Civ. Proc. art. 2635, entitled "Authentic evidence submitted with petition" provides:

---

[4] 552 So.2d 1217 (La.App. 5th Cir. 1989).

A. In order for a plaintiff to prove his right to use executory process to enforce the mortgage, security agreement, or privilege, it is necessary only for the plaintiff to submit with his petition authentic evidence of:

(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.

(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.

(3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.

B. This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage or security agreement regarding the obligation to pay attorney's fees shall not preclude the use of executory process.

Defendants relied on the previous version of the article that included a paragraph which read, "[a]ny judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process."

CDC argues, and we agree, that defendants have not carried their burden of proving that a genuine issue of material fact exists that would preclude summary judgment on this issue. The 1989 amendment to La. Code Civ. Proc. art. 2635 eliminated the requirement of having corporate authority to sign a promissory note prior to obtaining an order of seizure and sale in executory process. CDC was entitled to summary judgment as a matter of law as to the first allegation.

The second ground for annulment of the sheriff's sale also is without merit. Defendants argued that the petitions for executory process were deficient because the promissory notes were not paraphed for identification with the Multiple Indebtedness Mortgage.

6

Multiple Indebtedness Mortgages are those which secure future indebtedness. Louisiana Civil Code art. 3298 relates to such mortgages and specifically states:

> C. A promissory note or other evidence of indebtedness secured by a mortgage need not be paraphed for indentification with the mortgages and need not recite that it is secured by the mortgage.

Further, La. Code Civ. Proc. art. 2636 lists the documentary evidence that shall be deemed to be authentic for purposes of executory process. Article 2636 (8) provides for "all other documentary evidence recognized by law as authentic evidence, including La. R.S. 9:5555…." Louisiana Revised Statute 9:5555 A provides that there is "no requirement that a note or other written obligation secured by a mortgage be paraphed for identification with the mortgage" as long as contents are proven by a verified petition. Thus, it is clear that neither La. Civ. Code art. 3298 nor La. R.S. 9:5555 require paraph as the executory process petitions were verified.

After reviewing these matters *de novo,* we conclude that the trial court did not err in granting summary judgment.

### 2) Exception of No Cause of Action

CDC argued below that the same reasons summary judgment was appropriate in this matter were likewise applicable to its Exception of No Cause of Action. The basis for the annulment of the sheriff's sale was that CDC had not attached a resolution authorizing execution of the promissory notes, and that the promissory notes were not paraphed with the Multiple Indebtedness Mortgage. In their First Amending and Supplemental Petition filed on October 4, 2017, defendants raised for the first time the argument that the Consent Judgment entered

7

into by the parties on January 31, 2017, converted the executory process into an ordinary process.[5] Thus, the sheriff's sale was a nullity because CDC no longer had authority to proceed by executory process.

In its Reasons for Judgment, the trial court noted that defendants could have raised their defenses to the sheriff's sale either before or after the seizure and sale through an opposition or in an appeal of the order of seizure.

Louisiana Code of Civil Procedure art. 2642 provides, in part:

> A. Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.

> B. A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of service of the notice of seizure as provided in Article 2721….

The trial court noted that defendants did not raise objections to the form of the proceeding until it filed its First Amending and Supplemental Petition on October 4, 2017. At that time, defendants' cause of action was no longer viable.

We find no error in the trial court's ruling on the Exception of No Cause of Action.

### 3) Motion to Cancel *Lis Pendens*

The May 3, 2018 judgment also dismissed defendants' Notice of *Lis Pendens* filed and recorded in Orleans Parish. Defendants state in their assignments of error that "the trial court erred as a matter of law in ordering the release of lis pendens." Defendants have not, however, briefed this issue. Uniform

---

[5] CDC also argues that the First Amending petition should not have been ruled upon by the trial court as defendants did not seek leave of court to file it.

Rules – Courts of Appeal 2-12.4 B(4) provides: "All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed." Accordingly, we consider this assignment of error abandoned.

B. October 10, 2018 Judgment

The trial court heard argument on July 21, 2018 on a Motion for New Trial filed by Intervenors. On September 21, 2018, the trial court heard argument on CDC's Exceptions of Res Judicata and Lack of Subject Matter Jurisdiction. It rendered judgment on October 10, 2018, denying Intervenor's Motion for New Trial and granting CDC's Exception of Res Judicata. The judgment also indicated that the "dismissal shall include supplemental and amending petitions along with the petition of intervention." Additionally, the trial court dismissed as moot defendants' Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunctive Relief, with prejudice.

On July 20, 2018, defendants filed a Second Amending and Supplemental Petition. CDC responded by filing a second Exception of Res Judicata.[6]

We again note that defendants have not briefed the merits of this issue and as such we consider that assignment abandoned. However, Defendants raise a procedural issue: specifically, that this Court is precluded from reviewing the ruling as CDC did not introduce the documents attached to its memorandum into evidence. They further argue that this Court is precluded from taking judicial notice of pleadings filed in another case or earlier proceedings in the same case.

---

[6] CDC had previously filed an Exception of Res Judicata relative to defendants' original and first amending petition. This exception was filed in tandem with the previously addressed Motion for Summary Judgment and Exception of No Cause of Action. The trial court did not rule on the Exception of Res Judicata, as it was mooted by the grant of summary judgment and exception of no cause of action.

9

They cite *Brielle's Florist v. Trans Tech,* 11-0260 (La.App. 3 Cir. 10/5/11), 74 So. 3d 833, *Union Planters v. Commercial Capital,* 04-0871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, and *Denoux v. Vessel Mgmt. Services,* 07-2143 (La. 5/21/08), 983 So.2d 84.

CDC argues that none of the above cases applies to the case on appeal. We agree. *Brielle* involved a situation wherein an appeal court could not examine the merits of the appeal because the evidence on which the exception was based was not in the record on appeal. *Brielle,* 11-0260, p. 4, 74 So.3d at 836. *Union Planters* held that the reviewing court could not take judicial notice of a suit in another court. *Union Planters,* 04-0871, pp. 3-4, 907 So.2d at 130. In *Denoux,* deposition testimony that was needed to consider the merits of the appeal was missing from the record on appeal. *Denoux,* 07-2143, p. 6, 983 So.2d at 88-89. None of those situations is applicable to the case on appeal.

Here, the pleadings on which CDC relies for its Exception of Res Judicata are all contained in one or the other, or both, of the consolidated appeals, namely the Petition to Annual Sheriff's Sale and the Consent Judgment. Accordingly, we find no procedural flaw.[7]

Based on the above, we find no error in any of the rulings of the trial court. The two judgments appealed are affirmed.

**AFFIRMED**

---

[7] We also note that, although Intervenors joined in this appeal, they have not separately briefed any issue.