# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2021 CA 0716

#### CHASSIDY J'TEL JEFFERSON

#### VERSUS

#### BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; DOMOINE D. RUTLEDGE; AND SANDRA C. BROWN

Judgment rendered: **MAR 0 3 2022**

\* \* \* \* \*

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C693999, Sec. 24

The Honorable Donald R. Johnson, Judge Presiding

\* \* \* \* \*

Jamie F. Gontarek
Christopher J. Murrell
Adrian M. Simm, Jr.
Lewis O. Unglesby
Lance C. Unglesby
Jordan L. Bollinger
Baton Rouge, Louisiana

Kristy M. Brumfield
Brandon J. Decuir
and
Jeff Landry
Attorney General
Rachel P. Dunaway
Jeannie C. Prudhomme
Wm. David Coffey
Assistant Attorney Generals
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellant
Chassidy J'Tel Jefferson

Attorneys for Defendants/Appellees
Board of Supervisors of Southern
University and Agricultural and
Mechanical College; Domoine D.
Rutledge; and Sandra C. Brown

\* \* \* \* \*

**BEFORE: HOLDRIDE, WOLFE, AND HESTER, JJ.**

**HOLDRIDGE, J.**

The plaintiff, Chassidy J'Tel Jefferson, appeals a trial court judgment that granted a peremptory exception raising the objection of res judicata in favor of the defendants, Board of Supervisors of Southern University and Agricultural and Mechanical College, Domoine D. Rutledge, and Sandra C. Brown, and dismissed the plaintiff's claims with prejudice. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

The plaintiff received her undergraduate degree in nursing from Southern University in May of 2010. In July of 2011, the plaintiff was enrolled in Southern University's graduate program for nursing. In the Spring of 2013, the plaintiff was taking the required course, Nursing Practicum 654, taught by Dr. Sandra C. Brown, to obtain her Master of Science in Nursing degree. However, the plaintiff did not obtain a passing grade in the course and was unable to earn a master's degree in nursing in 2013. As a result, the plaintiff was unable to take the nurse practitioner board exams.

On April 28, 2014, the plaintiff filed suit against "Southern University Baton Rouge Campus" in the Nineteenth Judicial District Court (2014 suit). In that suit, the plaintiff asserted that she had a claim for breach of contract, retaliation, and an arbitrary and capricious academic decision against Southern University. The plaintiff argued that "[i]n acts of retaliation for her criticism of Southern's faculty, [she] was singled out for disparate treatment. The faculty at [Southern] assigned [the plaintiff] special work not included in Southern's [Nursing Practicum 654] syllabus to the exclusion of the other students in the program and then arbitrarily failed [the plaintiff] as a result." The plaintiff further sought injunctive relief,

2

restraining Southern University from interfering with the plaintiff receiving academic credit for Nursing Practicum 654.

On August 11, 2014, Southern University filed an answer. On June 30, 2020, Southern University filed an Ex Parte Motion for Abandonment pursuant to La. C.C.P. art. 561. On July 6, 2020, the trial court signed a judgment ordering the dismissal of the plaintiff's 2014 suit with prejudice due to abandonment. The trial court ordered that the July 6, 2020 judgment was final. The plaintiff did not appeal the July 6, 2020 judgment.

On February 14, 2020, the plaintiff filed a "PETITION FOR DAMAGES, MANDATORY INJUNCTIVE RELIEF AND DECLARATORY RELIEF" (2020 suit) in the Nineteenth Judicial District Court naming as defendants, Board of Supervisors of Southern University and Agricultural and Mechanical College, Domoine D. Rutledge in his official capacity as the Chairman of the Board of Supervisors for Southern University, and Sandra C. Brown in her individual and official capacity as a Professor and Dean of the College of Nursing at Southern University. The plaintiff alleged that in 2016, her father met with Dr. Christopher Brown, II, Ph.D., who was the Executive Vice President for Academic Affairs at Southern University, to discuss the plaintiff's eligibility to obtain her Master of Science in Nursing degree. During this meeting, the plaintiff alleged that Mr. Brown informed the plaintiff's father that her grade in Nursing Practicum 654 was made in error and that her transcript "would be revised to reflect the appropriate grade[.]" The plaintiff further alleged that Dr. Brown presented to the plaintiff's father her official degree of Master of Science in Nursing that was backdated to May 17, 2013, as well as three sealed transcripts, which the plaintiff presumed reflected the necessary changes to her Nursing Practicum 654 grade.

3

In April of 2018, the plaintiff applied with the American Association of Nurse Practitioners to take her board exams and applied with the Louisiana State Board of Nursing for her Nurse Practitioner's license. However, the Louisiana State Board of Nursing informed the plaintiff that her transcript revealed that she had a failing grade in Nursing Practicum 654, and she was not permitted to take the board exams to receive her nurse practitioner license. As a result, in February 2019 the plaintiff and her father met with two attorneys for Southern University regarding the plaintiff's transcript. Southern University informed the plaintiff and her father that her grade in Nursing Practicum 654 would not be changed and that her Master of Science in Nursing degree had been revoked.

Thus, the plaintiff alleged in her petition that she was entitled to damages for intentional and negligent infliction of emotional distress. The plaintiff further alleged that she had a claim for breach of contract, negligence, mandatory injunctive relief, and declaratory relief, as well as a violation of her due process rights under the Louisiana Constitution. Thereafter, the defendants filed an answer and affirmative defenses.

On November 6, 2020, the defendants filed a peremptory exception raising the objection of res judicata arguing that all the claims in the plaintiff's 2020 suit arose out of the same transaction or occurrence as the plaintiff's dismissed 2014 suit; *i.e.* the plaintiff's failed grade in Nursing Practicum 654. The plaintiff opposed the objection of res judicata arguing that the parties to the 2020 suit and the 2014 suit were not identical; the causes of action the 2020 suit were not the same as those in the 2014 suit; and the issues and claims raised in the 2020 suit had not been previously raised, considered, or decided by the trial court in the 2014 suit. The plaintiff further argued that the dismissal of a suit on the grounds of abandonment could not form the basis of a plea of res judicata.

4

On February 22, 2021, the trial court held a hearing on the defendants' objection of res judicata. After hearing arguments from counsel of both parties, the trial court took the matter under advisement. On March 23, 2021, the trial court signed a judgment that granted the defendants' peremptory exception raising the objection of res judicata and dismissed the plaintiff's claims with prejudice. Subsequently, the plaintiff appealed the March 23, 2021 judgment.

## STANDARD OF REVIEW AND APPLICABLE LAW

Generally, an objection of res judicata to bar a subsequent action is raised by a peremptory exception. La. C.C.P. art. 927(3). **Horrell v. Alltmont**, 2019-0945 (La. App. 1 Cir. 7/31/20), 309 So.3d 754, 757, affirmed 2021-0566 (La. App. 1 Cir. 12/22/20), ___ So.3d ___, 2021 WL 6071597. Louisiana Revised Statutes 13:4231 defines the doctrine of res judicata as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. **Alfred v. RPM Pizza, LLC**, 2018-1723 (La. App. 1 Cir. 5/31/19), 278 So.3d 376, 378-79. The Louisiana Supreme Court has emphasized that all of the following elements must be satisfied in order for res judicata to preclude a second action: (1)

5

the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause(s) of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause(s) of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053. The parties are the same for purposes of res judicata only when they appear in the same capacities in both suits. **Id**. at 1054.

The burden of proving the facts essential to support the objection of res judicata is on the party pleading the objection. If any doubt exists as to the application of res judicata, the objection must be overruled and the second lawsuit maintained. **Landry v. Town of Livingston Police Dept.**, 2010-0673 (La. App. 1 Cir. 12/22/10), 54 So.3d 772, 776. When, as here, an objection of res judicata is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is traditionally manifest error. **Leray v. Nissan Motor Corp. in U.S.A.**, 2005-2051 (La. App. 1 Cir. 11/3/06), 950 So.2d 707, 710. However, the res judicata effect of a prior judgment is a question of law that is reviewed *de novo*. **Pierrotti v. Johnson,** 2011-1317 (La. App. 1 Cir. 3/19/12), 91 So.3d 1056, 1063.

At issue in this appeal is the trial court's legal conclusion that the 2014 suit and the 2020 suit arise out of the same transaction or occurrence. Therefore, we will conduct a *de novo* review to determine if the trial court was legally correct in sustaining the defendants' objection of res judicata. See **State ex rel. Tureau v. BEPCO, L.P.**, 2020-0595 (La. App. 1 Cir. 10/7/21), 2021 WL 4618124, *3, writ granted, 2021-00856 (La. 10/19/21), 326 So.3d 265.

# DISCUSSION

On appeal, the defendants argue that the 2014 suit and 2020 suit arise out of the same transaction or occurrence, *i.e.* the plaintiff's failing grade in Nursing Practicum 654, which precluded her from obtaining an award of a Master of Science in Nursing degree. The defendants argue that many of the allegations contained in the plaintiff's 2014 suit were reargued in her 2020 suit. Therefore, the defendants argue that res judicata is applicable to the facts of this case because the plaintiff's 2014 suit and 2020 suit arises out of the same transaction or occurrence as provided in La. R.S. 13:4231.

The plaintiff counters that the causes of action asserted in her 2020 suit do not arise out of the same transaction or occurrence as the 2014 suit and therefore the requirements of La. R.S. 13:4231 have not been met. Specifically, the plaintiff argues that the causes of action asserted in the 2014 suit pertain to events that occurred during the time she was enrolled at Southern University during the years of 2012 and 2013. The plaintiff argues that the causes of action asserted in the 2020 suit pertain to events that occurred in and after 2016, when Southern University awarded her with a Master of Science in Nursing degree, but later revoked the degree. While the plaintiff agrees that there is "some factual overlap between the 2014 [suit] and the 2020 [suit]," she argues that the facts giving rise to each suit are not so interrelated as to warrant the conclusion that both suits arose from the same transaction or occurrence as mandated by La. R.S. 13:4231.

The issue before this Court is whether the defendants have met their burden of proving the facts essential to sustain the objection of res judicata by sufficiently presenting documentary evidence in the record. When a party raises an objection of res judicata, the court must examine not only the pleadings but, also, the entire record in the first suit to determine whether the second suit is in fact barred by res judicata.

7

**Union Planters Bank v. Commercial Capital Holding Corp.**, 2004-0871 (La. App. 1 Cir. 3/24/05), 907 So.2d 129, 130. The defendants attached to their memorandum in support of their peremptory exception raising the objection of res judicata an exhibit evidencing the plaintiff's 2014 suit, including the plaintiff's petition and the July 6, 2020 judgment dismissing the plaintiff's claims with prejudice. However, the attached exhibit was not introduced into evidence at the February 22, 2021, hearing on the defendants' objection of res judicata. An appellate court cannot consider exhibits filed into the record as an attachment in determining issues on appeal. **Union Planters Bank**, 907 So.2d at 130. "They are not evidence and are not properly part of the record on appeal." **Seals v. Jackson**, 2007-2361 (La. App. 1 Cir. 5/2/08), 2008 WL 2064778. Without any documentary evidence, the defendants could not meet their burden of proving the objection of res judicata. See **Cyprian v. Tangipahoa Parish School System**, 2021-0238 (La. App. 1 Cir. 11/16/21), 2021 WL 5316999, *2.

The record contains no competent evidence showing that the present matter has been previously adjudicated. Without any evidence, the defendants could not meet their burden of proof on the objection. Accordingly, the trial court judgment sustaining the defendants' objection of res judicata must be reversed. However, we note that the peremptory exception raising the objection of res judicata may be re-urged in the trial court in accordance with La. C.C.P. art. 928(B).[1]

---

[1] We further note that due to our holding in this matter we pretermit discussion of the finality of the July 6, 2020 judgment as to whether a judgment dismissing a case on the basis of abandonment is ever a final judgment under La. C.C. P. art. 561. We also pretermit discussion of the whether the plaintiff's 2014 suit and 2020 suit arose out of the same transaction or occurrence or was based on the same facts and legal theories as to warrant the granting of the defendants' peremptory exception raising the objection of res judicata in accordance with La R.S. 13:4231.

8

## CONCLUSION

For the foregoing reasons, the March 23, 2021 judgment, sustaining the defendants' exception of res judicata is reversed and remanded to the trial court for further proceedings consistent with this opinion. Appeal costs are assessed to the defendants, Board of Supervisors of Southern University and Agricultural and Mechanical College, Domoine D. Rutledge, and Sandra C. Brown.

**REVERSED AND REMANDED.**